### PARTRIDGE *v.* PATTERSON.

It is within the discretionary power of a court to refer a question of variance as to the date of a written instrument, which the court is unable to determine, to the jury.

Where in an action on a promissory note, the defendant objected to the admission of the note in evidence, upon the ground of an alleged variance between the date of the indorsement of the note and that of the copy attached to the petition; and where the court, being unable to determine, on account of the peculiar manner in which the figures were made, submitted the question of variance to the jury, under proper instructions; *Held,* That the proceeding was not erroneous.

In an action against the guarantor of a promissory note, where the guartee is written on the back of the note, the plaintiff is not required to prove the signature of the guarantor, unless the same is denied under oath.

Partridge v. Patterson.

*Appeal from the Des Moines District Court.*

WEDNESDAY, OCTOBER 13.

This action is brought against the defendant as the guarantor of a promissory note. The guarantee was written on the back of the note, and reads as follows: "July 21, 1847, I guarantee the payment at maturity of the within note, for value received." Upon the trial, the defendant objected to the admission of the note in evidence, upon the ground of an alleged variance between the date of the indorsement of the note offered, and that of the copy set out in the petition. The court being unable to determine, on account of the peculiar manner in which the figures were made, submitted the question of variance to the jury, under proper instructions. To this the defendant excepted. The defendant also contended, that the plaintiff must prove the signature to the indorsement, but the court ruled that he was not held to do this, there being no denial under oath. To these rulings defendant excepted, and now assigns the same for error.

*Browning & Tracy*, for the appellant.

*David Rorer*, for the appellee.

WOODWARD, J.—If the course taken by the court afforded cause of complaint, it would be on the part of the plaintiff, rather than of the defendant, because a finding against the plaintiff, would put him to the necessity of a new action; whereas, if the court decided it, he could avail himself, probably, of an amendment, instead of being sent out of court. But there was no error in the proceeding. If the court was unable to determine satisfactorily upon the date, it was within their discretionary power to refer the question to the jury. *Jefferson Co.* v. *Savary*, 2 G. Greene, 238; *Converse* v. *Warren*, 4 Iowa, 158.

The ruling of the court in relation to proof of the signature of the guarantor, was correct. The point has been decided several times under the different statutes. *Steinhelber* v. *Edwards*, 2 G. Greene, 366 ; *Chambers* v. *Games*, 2 Ib., 320; *Lyon* v. *Bunn, ante*, 48.

The judgment is affirmed.